IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALVIN DANIELS, : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | |
| UNNAMED SHERIFF OF HOUSTON : | NO. 5:12-CV-410 (MTT) |
| COUNTY, : | |
| Defendant : | |
| _____ : | **O R D E R** |

Plaintiff **ALVIN DANIELS**, an inmate at Ware State Prison, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. On October 15, 2012, United States Magistrate Judge Justin S. Anand of the Northern District of Georgia transferred Plaintiff's complaint to this Court, because the named Defendant resides, and the relevant events occurred, in the Middle District of Georgia.

Plaintiff has not paid the $350.00 filing fee. For the sake of judicial economy, the Court will assume that Plaintiff wishes to proceed *in forma pauperis*, grant him IFP status, and waive an initial filing fee. Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full. The Clerk is directed to send a copy of this order to the business manager of Ware State Prison.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." **Carroll v. Gross**, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); **see also Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.  **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings

drafted by attorneys and will, therefore, be liberally construed." **Tannenbaum v. United States**, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. **See Chappell v. Rich**, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). **See also** 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## *II. DISCUSSION*

Plaintiff names "Unnamed Sheriff of Houston County, Georgia," as his sole Defendant. Plaintiff alleges that the Sheriff failed to train the deputy sheriffs who, on July 12, 2009,[1] arrested Plaintiff without probable cause or a warrant on four unspecified felony charges. Plaintiff provides no details whatsoever regarding the allegedly unconstitutional arrest. Nor does he state any specific facts involving the

---

[1] According the Georgia Department of Corrections' website, Plaintiff is presently incarcerated for attempted murder and aggravated battery, committed in August 2010.

Defendant Sheriff.  According to Plaintiff, a judge dismissed the charges on January 11, 2012.  As relief, Plaintiff seeks $1,000,000 in compensatory damages, $1,000,000 in punitive damages, and $1,000,000 in "nominal" damages.

Plaintiff's conclusory allegation that the Sheriff failed to train his deputies does not remotely state a valid claim against the Defendant.  "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983.  A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." **Connick v. Thompson**, — U.S. —, —, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (rejecting  municipal liability where "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights").  The Eleventh Circuit has similarly concluded that "[a] police department's failure to train its officers can constitute a 'policy' sufficient to trigger governmental liability but only in limited circumstances, such as when that failure 'amounts to deliberate indifference to the rights of persons with whom the police come into contact.'" **Williams v. DeKalb County**, 327 F. App'x 156, 160 (11th Cir. 2009) (quoting **City of Canton v. Harris**, 489 U.S. 378, 388 (1989)).  As noted above, Plaintiff alleges no facts regarding the Defendant's failure to train his deputies–certainly none supporting the "strong showing" required to prevail on a failure-to-train claim.  **Anderson v. Fulton County Gov't**, 2012 WL 3086236 (11th Cir. July 31, 2012).

Moreover, the Sheriff cannot be held liable merely by virtue of his supervisory position. As the Eleventh Circuit has long held, "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." **Hartley v. Parnell**, 193 F.3d 1263, 1269 (11th Cir.1999).

### *III. CONCLUSION*

Based on the foregoing, the instant complaint is hereby **DISMISSED WITHOUT PREJUDICE**[2] under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this 20th day of November, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr

---

[2] Dismissal without prejudice is appropriate when a more carefully drafted *pro se* complaint might state a claim. **Duff v. Steub**, 378 F. App'x 868, 872 (11th Cir. Apr. 29, 2010).